UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Phoumara Todd Sok,

        Petitioner,                              Case No. 22-cv-458 (ECT/LIB)

v.                                         **REPORT AND RECOMMENDATION**

B. Eischen,
*FPC-Duluth Warden*,

        Respondent.

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, upon Petitioner Phoumara Todd Sok's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Docket No. 1]. Finding no hearing necessary, the Court issues the present Report and Recommendation.

For the reasons discussed herein, the Court recommends that Sok's Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED with prejudice**.

**I.     Background**

On July 7, 2014, Petitioner pled guilty to one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a)(viii), as well as, one count of Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). United States v. Sok, No. 14-cr-66 (PAM/JSM)(5), Change of Plea Hearing [Docket No. 142] (D. Minn. July 7, 2014). On November 21, 2014, Petitioner pled guilty to one count of Distribution of Cocaine in violation of 18 U.S.C. § 3147(a),

21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C). <u>United States v. Sok</u>, No. 14-cr-271 (RHK/JSM), Change of Plea Hearing [Docket No. 21] (D. Minn. Nov. 21, 2014).

On May 14, 2015, Petitioner was sentenced in each of his respective cases. In <u>United States v. Sok</u>, No. 14-cr-66, Petitioner was sentenced to a 180-month term of imprisonment which consisted of a 120-month term of imprisonment on his conviction for Conspiracy to Distribute Methamphetamine and a 60-month term of imprisonment for his conviction for Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime; the two terms were ordered to run consecutively to one another but to run concurrently with the sentenced imposed in 14-cr-271. <u>See</u> <u>United States v. Sok</u>, No. 14-cr-66 (PAM/JSM)(5), Sentencing Judgment [Docket No. 221] (D. Minn. May 15, 2015). In <u>United States v. Sok</u>, 14-cr-271, Petitioner was sentenced to a 24-month term of imprisonment to run concurrently with the sentenced imposed in 14-cr-66(5). <u>See</u> <u>United States v. Sok</u>, No. 14-cr-271 (RHK/JSM), Sentencing Judgment [Docket No. 29] (D. Minn. May 15, 2015).

Upon his sentencing, Petitioner was remanded to the custody of the Bureau of Prisons ("BOP") to serve his term of imprisonment. <u>See</u> <u>Id.</u> Petitioner is presently incarcerated at the Federal Prison Camp in Duluth, Minnesota. (<u>See</u> Pet. [Docket No. 1]).

On December 21, 2018, the First Step Act ("FSA") became law. <u>See</u> 18 U.S.C. § 3632. The FSA contains various carceral reforms, including the potential reduction of sentences for certain federal inmates through the accumulation of "time credits." <u>See</u> <u>Id.</u> As relevant to the present action, the FSA provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate described by statute. 18 U.S.C. § 3632(d)(4). Pursuant to "subparagraph (D)," "[a] prisoner is ineligible to receive time

credits under this paragraph if the prisoner is serving a sentence for a conviction under," among other things, "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). The risk and needs assessment system, through which eligible inmates may earn time credits, was enacted under the First Step Act, and Congress gave the authority to develop and administer the program to the Attorney General and the BOP. See 18 U.S.C. § 3632(a).

On December 17, 2019, and again on July 30, 2020, the BOP reviewed whether Petitioner was eligible for earning time credits pursuant to the FSA. (Exhibit D [Docket No. 7-4]). On each occasion, Petitioner was found to be ineligible to earn time credits because of his § 924(c) conviction. (See Exhibit D [Docket No. 7-4]; Winger Decl. [Docket No. 7] ¶ 7).

On February 17, 2022, Petitioner initiated the present action by filing his Petition. [Docket No. 1]. Through the present action, Petitioner seeks an Order of this Court instructing the BOP that Petitioner is eligible to earn time credits under 18 U.S.C. § 3632(d)(4) because the length of Petitioner's sentence related to his conviction under 18 U.S.C. § 924(c) has now elapsed, and thus, according to Petitioner, he is no longer serving a sentence for any offence which renders him ineligible to accrue time credits under the FSA. (See Pet. [Docket No. 1]; Petitioner's Reply [Docket No. 9]).[1] Petitioner does not challenge the BOP's ability to categorically exclude from the accrual of FSA time credits certain prisoners, including prisoners who are serving a term of imprisonment for a conviction under 18 U.S.C. § 924(c). (See Pet. [Docket No. 1]; Petitioner's Reply [Docket No. 9]). Instead, Petitioner argues that the BOP's interpretation of 18 U.S.C. 3632(d)(4) should not include him and other prisoners like him who are serving a term of imprisonment based on multiple convictions including a conviction

---

[1] Petitioner's only conviction that renders him ineligible to accrue time credits under the FSA is his § 924(c) conviction.

3

predicated on a violation of 18 U.S.C. § 924(c) and who have served a term of imprisonment greater in length than the term of imprisonment imposed for the § 924(c) conviction. (See Pet. [Docket No. 1]; Petitioner's Reply [Docket No. 9]). In essence, Petitioner argues that the sentences of prisoners like himself with multiple sentences should be treated as separate, serial sentences when the BOP considers a prisoner's eligibility to accrue time credits under the First Step Act.[2]

## II.     Discussion

The resolution of Petitioner's claim here is predicated on whether the phrase "serving a sentence for a conviction under any of the following provisions of law," as used in 18 U.S.C. § 3632(d)(4)(D), is clear on its face and complies with Petitioner's interpretation of the phrase, or whether the phrase is ambiguous and permissibly subject to the construction adopted and applied by the BOP. If § 3632(d)(4)(D) is clear on its face, then it must be applied by the BOP as written. See Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842–43 (1984). If § 3632(d)(4)(D) is ambiguous, "the question for the court is whether the" BOP's interpretation of § 3632(d)(4)(D) is a reasonable and "permissible construction of the statute." Id. at 843.

Neither party highlights any Court which has previously addressed the BOP's interpretation of § 3632(d)(4)(d) in the context of a prisoner who is serving a term of imprisonment based on multiple convictions, including an enumerated, ineligible conviction, and who has served a term of imprisonment greater in length than the term of imprisonment corresponding with enumerated, ineligible conviction. It does not appear that any Court has addressed the issue presented here.

---

[2] On the record now before the Court, it appears that Petitioner has fulfilled his obligation to exhaust his administrative remedies on his claim. (See Pet.'s Exhibits [Docket No. 1-1]). Respondent does not argue Petitioner has failed to do so. (See Resp.'s Mem. [Docket No. 6]). Thus, the Court will consider the merits of Petitioner's claim.

For the reasons discussed herein, the Court finds that § 3632(d)(4)(D) is ambiguous; however, the BOP's interpretation and construction of § 3632(d)(4)(D) are reasonable. Thus, Petitioner is not entitled to the relief sought.

Title 18 U.S.C. § 3632 provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate provided for by statute. 18 U.S.C. § 3632(d)(4). An ineligible prisoner is any prisoner who "is serving a sentence for a conviction under," among other things, "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

On its face, there is at least some ambiguity in 18 U.S.C. § 3632(d)(4)(D). Respondent concedes that there is at least some ambiguity in § 3632(d)(4)(D). (Response [Docket No. 6] at 5–7). As pertinent to the present circumstances, § 3632(d)(4)(D) is silent as to the eligibility of a prisoner who is serving term of imprisonment for multiple convictions under different criminal statutes where only one of the underlying convictions would preclude the prisoner from accruing time credits. Consequently and more salient to the present case, § 3632(d)(4)(D) is likewise silent on the eligibility of a prisoner who, like Petitioner, is serving term of imprisonment for multiple convictions under different criminal statutes where only one of the underlying convictions would preclude the prisoner from accruing time credits and who has served a term of imprisonment greater in length than the sentence imposed for the ineligible conviction. The terms of § 3632(d)(4)(D) "do not directly answer this question" and "[c]ontext does not clear things up" which leaves the Court "with an ambiguous provision." Voigt v. U.S. Env't Prot. Agency, 46 F.4th 895, 901 (8th Cir. 2022) (citing and parenthetically summarizing Sierra Club v.

5

E.P.A., 557 F.3d 401, 406 (6th Cir. 2009)). There appears to be no provision in 18 U.S.C. § 3632(d)(4)(D) or the remainder of the First Step Act which speaks to this ambiguity or directs the BOP on how to proceed in these circumstances.

On this basis, the Court finds that the phrase "serving a sentence for a conviction under any of the following provisions of law," as used in § 3632(d)(4)(D), is ambiguous.

This does not, however, end the Court's analysis. The Court must now determine whether the BOP's interpretation of § 3632(d)(4)(D) is reasonable.

If a federal statute is ambiguous on its face and the federal agency responsible for the administration of that statute has adopted a reasonable interpretation of the statute, then the Court must accept the federal agency's interpretation. See, e.g., Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842–43 (1984); Voigt v. U.S. Env't Prot. Agency, 46 F.4th 895, 901 (8th Cir. 2022); Estrada–Rodriguez v. Lynch, 825 F.3d 397, 403–04 (8th Cir. 2016); In re Lyon Cnty. Landfill, Lynd, Mn., 406 F.3d 981, 983 (8th Cir. 2005). In making this reasonableness determination, the Court must "accord 'considerable weight' to an agency's construction, and only set it aside if it is 'arbitrary, capricious, or manifestly contrary to the statute.'" Estrada–Rodriguez v. Lynch, 825 F.3d 397, 403–04 (8th Cir. 2016) (quoting Chevron, 467 U.S. at 844). "The Court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding"; the question is merely the reasonableness of the agency's construction. Chevron, 467 U.S. at 843, n.11.

In the present case, the BOP, in determining the eligibility to earn time credits under the First Step Act for prisoners who are serving a term of imprisonment based on more than one underlying conviction, has interpreted 18 U.S.C. § 3632(d)(4)(D)'s exclusion of eligibility for

prisoners "serving a sentence for" one of the enumerated convictions to include any prisoner whose underlying convictions includes one of the enumerated convictions, even if the length of time the prisoner has been incarcerated exceeds the term of imprisonment imposed for the enumerated conviction.[3] Put simply, the BOP aggregates all of the prisoner's multiple terms of imprisonment as a single, aggregate term of imprisonment. The BOP bases its interpretation of § 3632(d)(4)(D) on its statutory obligation to aggregate multiple terms of imprisonment "for administrative purposes as a single, aggregate term of imprisonment." See 18 U.S.C. § 3584(c).[4]

Relying on United States v. Player, 484 F. App'x 409 (11th Cir. 2012), Petitioner argues that the BOP's interpretation of § 3632(d)(4)(D) is improper because his § 924(c)-related sentence is required to be served first, and therefore, his sentences cannot be aggregated. (See Pet.'s Mem. [Docket No. 1-1] at 14; Pet.'s Reply [Docket No. 9] at 3, 7). Even putting aside the fact that Player is not binding on this Court, Player is inapplicable to the circumstances of the present case.

In Player the petitioner, on January 23, 2003, was "sentenced to concurrent prison terms of 92 months on Counts 1 and 2—which charged him with conspiracy . . . to possess with intent to distribute" illegal narcotics and on Count 3 "to a consecutive prison term of 60 months for possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)." Player, 484 F. App'x at 410. Thereafter, Player filed a habeas petition seeking a reduction of his sentence on Counts 1 and 2 pursuant to a retroactive change in the Sentencing Guidelines; however, in December 2011, the District Court denied his petition. Id.

---

[3] Importantly, this aggregation does not include a prisoner's prior or previous convictions which predate the prisoners present term of imprisonment.

[4] Thus, for the purposes of determining his eligibility to earn time credits under the FSA, the BOP has determined that Petitioner is presently serving an aggregated sentence pursuant to convictions for Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a)(viii); Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Distribution of Cocaine in violation of 18 U.S.C. § 3147(a), 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C).

7

The District Court first determined that Player was serving only the consecutive Count 3 sentence because a length of time equal to Player's concurrent sentences on Counts 1 and 2 had already elapsed.[5] The District Court then concluded that Player was ineligible for a sentence reduction because the alteration to the Sentencing Guidelines provided that the term of imprisonment could not be reduced to below time served. Id. The Eleventh Circuit Court of Appeals disagreed reasoning that the "mandatory consecutive sentence for possession of a firearm during a drug trafficking crime under § 924(c) must be served before any other sentence for the underlying offense," and therefore, at the time Player filed his petition with the Court he was still serving his concurrent sentence on Counts 1 and 2. Id. at 411 (emphasis in original).

Although the Player Court held that a mandatory consecutive sentence under § 924(c) must be served before any other sentence for the underlying offense, the Court did so only in the context of the Court's ability to determine if Player was still serving a particular sentence and thus eligible for a reduction in said sentence due to a change in the Sentencing Guidelines. Player, 484 F. App'x at 410–11. This is inapplicable to the present case because, unlike the BOP, Courts are not required to comply with the aggregation mandate in § 3584(c) when making sentencing determinations. The Court's imposition of sentences is not administrative in nature, and the Court's function of imposing sentences is a separate, distinct function from both the BOP's execution of sentences and the BOP's administration of sentence reducing incentives and programs. See gen., United States v. Johnson, No. 18-cr-170 (WMW/BRT), 2020 WL 5249585, at *2–5 (D. Minn. Sept. 3, 2020) (discussing the difference between the "district court's sentencing authority" and "the BOP's discretionary authority to carry out the sentence imposed by the sentencing court").

---

[5] Implicit in the District Court's finding was its belief that Player's sentence on Counts 1 and 2 was to be served before Player's § 924(c)-sentence in Count 3.

8

The Court finds the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D) to be reasonable. Notably, the BOP's interpretation of § 3632(d)(4)(D) is not only reasonable, but it appears to be a mandatory interpretation based on the BOP's other statutory obligations. Title 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Courts have consistently held that sentence calculation by the BOP and the BOP's administration of incentives which reduce the length of a prisoner's term of imprisonment are administrative functions of the BOP subject to § 3584(c). See, e.g., Moreno v. Ives, 842 F. App'x 18, 21 (9th Cir. 2020), cert. denied sub nom. Moreno v. Hendrix, 210 L. Ed. 2d 974, 141 S. Ct. 2877 (2021); Grigsby v. Colbert, No. 21-cv-266, 2022 WL 2919371, at *5 (D. Ariz. Mar. 10, 2022), report and recommendation adopted, 2022 WL 2916039 (D. Ariz. July 25, 2022); Rankin-El v. Holinka, No. 6-cv-273 (DSD/AJB), 2007 WL 495004, at *4 (D. Minn. Feb. 13, 2007); Wold v. Fed. Bureau of Prisons, No. 4:18-cv-4061 (VLD), 2018 WL 4906273, at *8 (D.S.D. Oct. 9, 2018); Donald v. Hudgins, No. 4:18-cv-4017-KES, 2018 WL 4519194, at *9 (D.S.D. Aug. 13, 2018), report and recommendation adopted, 2018 WL 4516688 (D.S.D. Sept. 20, 2018); See also Lopez v. Davis, 531 U.S. 230, 242 (2001) (describing the BOP as "the agency empowered to administer the early release program," to wit, a residential drug abuse program predating the FSA but with incentives similar to the provisions of the FSA); Peyton v. Rowe, 391 U.S. 54, 67 (1968) (holding that a prisoner incarcerated on multiple sentences is, for purposes of determining whether he has standing to seek habeas relief, in custody on all sentences). The BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D) is reasonable in light of other statutory obligations imposed upon the BOP.

Although there does not appear to be any Court which has addressed the precise issue before the Court, other Courts, including Courts in this District, have rejected Petitioner's argument when raised in circumstances involving the BOP's administration of sentence reducing incentives under the BOP's residential drug abuse program. See, e.g., Rankin-El v. Holinka, No. 6-cv-273 (DSD/AJB), 2007 WL 495004, at *3 (D. Minn. Feb. 13, 2007). The Court finds the reasoning of these cases to be persuasive in the circumstances of the present case.

In Rankin-El, the petitioner had pled guilty to a federal drug law violation which resulted in him being sentenced to a 96-month term of imprisonment, after receiving a "'two-point enhancement' under the federal Sentencing Guidelines, because a weapon was involved in his offense." Id. at *1. While Rankin-El was serving his 96-month term of imprisonment, he was prosecuted, convicted, and sentence to a 37-month term of imprisonment for a separate "drug law violation" which was "to be served consecutively to the remainder of" his 96-month sentence. Id. The BOP's drug rehabilitation program, at that time, provided that prisoner's who successfully completed the drug rehabilitation program could be provided with certain sentence reductions; however, some prisoners were categorically excluded from eligibility under the program, including prisoners whose sentence had been enhanced for possession of a weapon. Id. at *1–4. The BOP determined that Rankin-El two sentences should be treated as a single aggregate sentence of 133 months, and Rankin-El was therefore ineligible for sentence reduction under the BOP's drug rehabilitation program because his aggregate sentence included a sentence which had been enhanced for possession of a weapon.

After Rankin-El had been imprisoned for more than 96 months, he argued that "his possession-of-a-weapon enhancement should no longer make him ineligible for a reduced sentence" because "he ha[d] already completed the sentence that was enhanced for possession of

a weapon . . . , and he [was then] presently serving only his other sentence . . . , which did not include a weapon enhancement." Id. *3. In other words, Rankin-El argued that the two sentences were "separate and serial, that he ha[d] fully served the sentence that included the weapon enhancement, and the remaining sentence . . . did not include a weapon enhancement. Therefore, according to [Rankin-El], he should now be eligible for a one-year sentence reduction under" the BOP's drug rehabilitation program. Id. at *3. The Court rejected Rankin-El's "argument that his two sentences should be treated as separate and serial, and accept[ed]" the BOP's "contention that the two sentences should be aggregated, and treated as one." Id. at *4. The Court reasoned that Rankin-El's "position [was] contrary to the mandate of the Congress that is set forth at § 3584(c)" which "clearly directs the BOP to treat [Rankin-El's] two consecutive sentences 'as a single, aggregate term of imprisonment'—which is exactly what the BOP" did in Rankin-El's case.[6]

In the present case, the Court reaches the same conclusion as the Rankin-El Court. The BOP's aggregation of Petitioner's sentences is not only a reasonable interpretation of § 3632(d)(4)(D), but said aggregation is, in fact, required pursuant to the BOP's obligation to comply with the statutory mandate of Congress in § 3584(c). If the BOP or this Court were to accept Petitioner's argument and treat his sentences as separate, distinct, and serial sentences it would violate the unambiguous, statutory mandate of § 3584(c).

In summation and for all the reasons discussed above, the Court finds 18 U.S.C. § 3632(d)(4)(D) to be ambiguous, but the Court further concludes that the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D) is reasonable. Accordingly, the Court must defer to the BOP's

---

[6] The Ninth Circuit Court of Appeals has reached this same conclusion under similar factual circumstances. See Moreno v. Ives, 842 F. App'x 18, 20–22 (9th Cir. 2020), cert. denied sub nom. Moreno v. Hendrix, 210 L. Ed. 2d 974, 141 S. Ct. 2877 (2021).

interpretation of 18 U.S.C. § 3632(d)(4)(D). See, e.g., Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842–43 (1984).

Pursuant to the BOP's interpretation of § 3632(d)(4)(D), Petitioner, for the purposes of determining his eligibility to earn time credits under the First Step Act, is presently serving an aggregate sentence for Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a)(viii); Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Distribution of Cocaine in violation of 18 U.S.C. § 3147(a), 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C). Because Petitioner's aggregate sentence includes a sentence predicated on a violation of 18 U.S.C. § 924(c) he is ineligible to earn time credits under the First Step Act. Thus, Petitioner is not entitled to the relief sought.

### III.   Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Phoumara Todd Sok's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED**; and
2. The present action be **DISMISSED with prejudice**.


Dated: October 26, 2022                                    s/ Leo I. Brisbois
                                                           Hon. Leo I. Brisbois
                                                           U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).